IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ARLENE CLAIBORNE, )
)
        Plaintiff, )
)
v. )   Civil Action No. 3:22-cv-345–HEH
)
FRANKLIN W. WOODS, *et al.*, )
)
        Defendants. )

## MEMORANDUM OPINION
**(Granting Plaintiff's Motion for Liberty Insurance Company to Become a Plaintiff and Granting Defendants' Motions to Dismiss)**

THIS MATTER is before the Court on *pro se* Plaintiff Arlene Claiborne's ("Plaintiff") "Motion for Liberty Insurance Company to Become a Plaintiff" ("Motion to Realign"), filed on April 29, 2022 (ECF No. 3), and Defendants'—Liberty Mutual Company ("Liberty Mutual"), Franklin W. Woods ("Woods"), C.E. Longest Timberlands LLC ("Timberlands"), and Cary E. Longest ("Longest")—Motions to Dismiss, filed on June 24 and July 5, 2022, pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(c), and 12(b)(1). (ECF Nos. 18, 22.) This suit arises out of a motor vehicle accident that occurred on June 26, 2019, between Defendant Woods and Plaintiff. At the time of the accident, Plaintiff claims that Woods was employed by Timberlands and Longest, and was acting within the scope of his employment. (Compl. ¶¶ 4–6, ECF No. 1.)

Plaintiff filed the Complaint on April 28, 2022, and seeks relief for damages arising out of the accident. (*Id.* ¶ 8.) Subsequently, Plaintiff filed her Motion to Realign. (ECF No. 3.) Liberty Mutual did not respond. Rather, it filed a Motion to Dismiss.

(ECF No. 18.) In its Motion, Liberty Mutual asserts that the Complaint should be dismissed on multiple grounds including for failing to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c), and for lack of diversity jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants Woods, Timberlands, and Longest similarly state that the Complaint fails to state a claim upon which relief can be granted, and therefore should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed her response to the Motions on July 21, 2022. (Pl.'s Resp. Opp'n, ECF No. 27.) The court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. Rule 7(J). For the reasons that follow, the Court will grant Plaintiff's Motion to Realign and will realign Liberty Mutual as a Plaintiff. However, the Court will also grant Defendants' Motions to Dismiss and will dismiss Plaintiff's Complaint with prejudice.

On its face, Plaintiff's Complaint may be improper because this action lacks complete diversity.[1] *See Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999) (explaining that diversity must be complete "such that the state of citizenship of each plaintiff must be different from that of each defendant" at the time an action

---

[1] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Plaintiff seeks $250,000 plus interest for her sustained damages. (Compl. ¶ 8.) Accordingly, the amount in controversy requirement is satisfied in this case.

commences). Liberty Mutual is incorporated in Massachusetts (Mot. at 2, ECF No. 18), and thus, it is a citizen of that state for the purposes of § 1332 diversity. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Plaintiff is also a citizen of the state of Massachusetts. (Mot. at 2.) However, Plaintiff seeks to fix the seemingly improper action by realigning Liberty Mutual as a plaintiff. (Pl.'s Mot. to Realign.) If Liberty Mutual is truly a plaintiff based on its interests, their Massachusetts citizenship no longer makes this action improper. *See Lott v. Scottsdale Ins. Co.*, 811 F. Supp. 2d 1220, 1223 (E.D. Va. 2011); 28 U.S.C. § 1441(b)(2). Plaintiff's Motion implicates the Court's subject matter jurisdiction, and so the Court has an independent obligation to ensure its propriety. *See* Fed. R. Civ. P. 12(h)(3).

A party is not a defendant merely because the plaintiff says so. *City of Indianapolis v. Chase Nat. Bank*, 314 U.S. 63, 69 (1941). It is this Court's duty "to look beyond the pleadings and arrange the parties according to their sides in the dispute." *Id.* (internal quotations and citation omitted). The parties' true alignment is determined by the principal purpose test. *U.S. Fid. Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir. 1995). Under that test, "[f]irst the [C]ourt must determine the primary issue in the controversy," and then "the [C]ourt should align the parties according to their positions with respect to the primary issue." *Id.* The primary issue in controversy is determined by the plaintiff's principal purpose for filing its suit. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 337 (4th Cir. 2008); *see also Smith v. Nationwide Mut. Fire Ins. Co.*,

3

No. 3:14CV819-HEH, 2015 WL 364585, at *2 (E.D. Va. Jan. 27, 2015) (explaining that secondary disputes in a case do not determine the parties' true alignment).

The primary issue addressed in the complaint is Defendants'—Woods, Timberlands, and Longest—obligation to Plaintiff for damages sustained in the subject incident. (*See* Compl. ¶ 8.) At the time of the accident, Plaintiff was covered under the uninsured motorist provisions of a motor vehicle public liability policy issued by Liberty Mutual. (*Id.* ¶ 7.) Given that Liberty Mutual faces potential liability to Plaintiff if Defendants cannot provide coverage, Liberty Mutual clearly has a substantial interest in establishing that Defendants Woods, Timberlands, and Longest have a duty to pay for Plaintiff's damages. *See Lott*, 811 F. Supp. 2d at 1224 (establishing that parties with disputes over secondary issues are aligned if they have similar interests as to the primary issue). Therefore, any dispute between Plaintiff and Liberty Mutual in the underlying tort action is likely secondary to the present dispute and the principal purpose test instructs the Court to realign Liberty Mutual as a plaintiff. *See U.S. Fid. Guar. Co.*, 48 F.3d at 133. Accordingly, the Motion to Realign will be granted.[2]

Turning next to the Motions to Dismiss, a Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948

---

[2] Consequently, Liberty Mutual's Motion to Dismiss will not be granted on 12(b)(1) grounds. The Court will, however, consider the Motion as it relates to Rules 12(b)(6) and 12(c).

4

F.3d 222, 226 (4th Cir. 2020) (alteration in original) (quoting *Tobey*, 706 F.3d at 387). However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 679). A court, however, "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). In considering a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

As for Rule 12(c), a party is permitted to move for judgment on the pleadings at any time "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The Fourth Circuit has held that courts are to "apply[ ] the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). "Accordingly, [the Court] assume[s] the facts alleged in the complaint are true and draw[s] all reasonable factual inferences in [the non-moving party's] favor." *Id.* Therefore, under Rule 12(c), "[j]udgment should be entered in favor of the movant when the pleadings 'fail to state

5

any cognizable claim for relief, and the matter can, therefore, be decided as a matter of law.'" *Bojorquez–Moreno v. Shores & Ruark Seafood Co.*, 92 F. Supp. 3d 459, 462 (E.D. Va. 2015) (quoting *Thomas v. Standard Fire Ins. Co.*, 414 F. Supp. 2d 567, 570 (E.D. Va. 2006)).

Lastly, it is well established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Courts, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the United States Court of Appeals for the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

Pursuant to Virginia Code § 8.01-243(A), a plaintiff in a personal injury action has two years from the date of injury to file a suit against a defendant. In this case, Plaintiff alleges that her injuries took place on June 26, 2019. (Compl. ¶ 1.) Therefore, Plaintiff was required to file suit against the Defendants on or before June 26, 2021. Plaintiff, however, filed the present action on April 28, 2022, well beyond the two-year mark. Moreover, the COVID-19 emergency tolling period does not apply to Plaintiff's claim. From March 16, 2020, through July 8, 2020, the Virginia Supreme Court entered seven

6

Orders declaring a "judicial emergency" as a result of COVID-19.[3] The Orders tolled the statute of limitations from March 16, 2020, through July 19, 2020, but the tolling provisions applied only to those statutes of limitations that would otherwise run during that time frame. Therefore, since the statute of limitations as to Plaintiff's cause of action ran on June 26, 2021, the tolling provisions do not apply in this case. Thus, Plaintiff's claims are time barred and will be dismissed under Federal Rules of Civil Procedure 12(b)(6) and 12(c). Defendants' Motions to Dismiss will be granted and Plaintiff's Complaint will be dismissed with prejudice.

Should Plaintiff wish to appeal this Memorandum Order, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within the stated period may result in the loss of the right to appeal.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: August 24, 2022
Richmond, Virginia

---

[3] *Supreme Court of Virginia Orders of Judicial Emergency in Response to COVID-19 Emergency*, VIRGINIA'S JUDICIAL SYSTEM, https://www.vacourts.gov/news/items/covid/scv_emergency_orders.pdf (last visited August 17, 2022) (providing links to Orders declaring a "judicial emergency" as a result of COVID-19).

7